IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY KIRKES; ALLAN POTTER; RONALD PRENTICE; and JOHN TILLISON, | ) ) ) ) |
| Plaintiffs, | ) Case No. CIV-07-408-KEW ) |
| v. | ) ) |
| LAKE COUNTRY CHEVROLET CADILLAC, L.L.C., a Domestic Limited Liability Corporation, | ) ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on the Standing Chapter 13 Trustee for the Eastern District of Oklahoma's Motion to Intervene filed September 3, 2008 (Docket Entry #46). Plaintiffs commenced this action on November 27, 2007, alleging Defendant violated the Age Discrimination in Employment Act ("ADEA") in terminating Plaintiffs' employment. Plaintiff Tommy Kirkes ("Kirkes") is the only remaining plaintiff in the action.

All parties appear to agree that Kirkes filed a voluntary petition seeking bankruptcy under Chapter 13 of the United States Bankruptcy Code on November 17, 2006. Kirkes was allegedly terminated on January 27, 2007, giving rise to the claim brought in this action. William Mark Bonney, the standing Chapter 13 trustee for this District, ("Trustee") contends Kirkes failed to amend his bankruptcy schedules to include this ADEA claim represented in this lawsuit. He alleges he did not become aware of the action until

August 27, 2008.  The Trustee has filed a motion to modify Kirkes' confirmed Chapter 13 plan to require the payment of any proceeds derived from the successful prosecution of this case into the bankruptcy estate for distribution to creditors under the plan.

The Trustee seeks intervention into this action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2).  Intervention under Rule 24(a)(2) should be granted when a timely motion to intervene demonstrates that (1) the intervenor has an interest in the property or transaction that is the subject matter of the action, (2) the interest might be impaired absent intervention, and (3) the existing parties will not adequately represent the interest. <u>Alameda Water & Sanitation Dist. v. Browner</u>, 9 F.3d 88, 90 (10th Cir. 1993).  The parties do not dispute that the Trustee's motion is timely.

The Trustee claims an interest in the potential recovery from this action as property of Kirkes' bankruptcy estate.  Kirkes contends a dispute exists as to whether any proceeds derived from this case would be property of the bankruptcy estate.  Whether the property is definitively property of the estate at this stage of the proceedings is of no moment.  "A debtor's potential causes of action become property of the bankruptcy estate, along with all of h[is] other assets, when a Chapter 13 petition is filed." <u>Smith v. Rockett</u>, 522 F.3d 1080, 1084 (10th Cir. 2008) citing 11 U.S.C. § 541(a)(1).  The Chapter 13 trustee "is expressly given the capacity

2

to pursue such causes of action by suit on behalf of the estate." Id. citing 11 U.S.C. § 323(a) & (b) and Fed. R. Bankr. P. 6009. Certainly, the Trustee possesses a sufficiently protectible interest in this lawsuit to warrant intervention.

The putative intervenor must also demonstrate that his interest may be impaired by denying intervention. The Trustee must only make a "minimal" showing that "impairment of [the estate's] substantial legal interest is possible if intervention is denied." Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1253 (10th Cir. 2001)(citation omitted). The question of impairment is not separate from the question of existence of an interest. Id.

The Trustee and bankruptcy estate's interest in the lawsuit could be impaired if findings and rulings make in connection with Kirkes' claims in this case become binding upon the Trustee and estate. The Trustee is provided the specific authority to maintain this action on behalf of the estate to protect the potential interest of creditors. His input, as the estate's fiduciary, should be permitted to preserve this asset.

The final element for intervention requires a showing that the estate's interest is not adequately protected. Currently pending before this Court is Defendant's Motion to Dismiss. The primary argument in that Motion concerns whether Kirkes should be judicially estopped from pursuing this case because he failed to list this action as a potential asset of his bankruptcy estate.

3

Kirkes is taking a position in response to that Motion which is completely at odds with the interests of the Trustee, bankruptcy estate, and creditors by contending that this lawsuit does not represent property of his Chapter 13 bankruptcy estate. It would be difficult to imagine a more express divergent position from the interests of the intervenor than the one taken by Kirkes in this action. Without the Trustee's intervention, his interests are not adequately represented.

Having found the presence of the necessary elements for intervention by the Trustee as a matter of right, he will be permitted to intervene as a party plaintiff in this case. As such, he will be permitted to have input in the pending motion to dismiss as will be set out by separate Order.

IT IS THEREFORE, ORDERED that the Standing Chapter 13 Trustee for the Eastern District of Oklahoma's Motion to Intervene filed September 3, 2008 (Docket Entry #46) is hereby **GRANTED**. William Mark Bonney, Standing Chapter 13 Trustee, shall intervene in this action as a party plaintiff. All future filings in this case shall reflect this addition to the styling of the case.

IT IS SO ORDERED this ___3rd___ day of October, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE